UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS DEMERS,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>TARGET CORPORATION,<br><br>　　　　　　　Defendant. | 3:10-CV-999 (CSH)<br><br>**ORDER** |

HAIGHT, Senior District Judge:

　　This action arises of out injuries that plaintiff Thomas Demers ("Plaintiff") sustained due to the alleged negligence of defendant Target Corporation ("Target"). Specifically, Plaintiff maintains that on May 27, 2008, he was a "business invitee" at Target's store located at 20 Main Street, Ansonia, Connecticut, and suffered "painful and disabling injuries" when he struck and thereby lacerated his head on a coat hook in a stall in the men's bathroom. Doc. # 1-1 (Complaint).

　　Plaintiff originally brought his action in Connecticut Superior Court, Judicial District of Waterbury. Doc. No. UWY-CV10-6005281-S (dated May 25, 2010 and filed June 7, 2010). On June 24, 2010, Target filed a notice to remove Plaintiff's action to this Court on the sole ground that there is diversity of citizenship between the parties under 28 U.S.C. § 1332(a)(1).[1] In its Notice of Removal, Target averred that "the matter is between citizens of different states and the amount in controversy potentially exceeds the sum or value of $75,000." Doc. #1, p. 2-3 (¶ 4). In support of its jurisdictional claim, Target stated that Plaintiff is "a resident of Waterbury, Connecticut" and

---

　　[1]Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

"Target Corporation is a Minnesota corporation with a principal place of business in Minneapolis, Minnesota." *Id.*, p. 2 (¶ 3).

Plaintiff's Complaint, on the other hand, is silent as to the state of his citizenship. Plaintiff asserted that Target is "a corporation organized under the laws of the State of Minnesota" that is "authorized to do business in . . . Connecticut," but made no statement regarding the state of his own citizenship. Doc. #1-1, p. 1 (¶ 1). He merely specified that he was a "business invitee" at Target's Ansonia store on the date that he was injured. *Id.* (¶ 3).

A federal court has limited jurisdiction pursuant to Article III of the Constitution. In order for this Court to exercise subject matter jurisdiction, either (1) Plaintiff must set forth a colorable claim arising under the Constitution or federal statute, creating "federal question" jurisdiction, 28 U.S.C. § 1331;[2] or (2) there must be complete diversity of citizenship between Plaintiff and Target and the amount in controversy must exceed $75,000. *Id.* § 1332 (a)(1). *Strawbridge v. Curtiss*, 3 Cranch 267, 1806 WL 1213, at *1 (February Term 1806). *See also Da Silva v. Kinsho International Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (identifying and discussing the two categories of subject matter jurisdiction). Diversity jurisdiction must exist both at the time the Complaint was filed in state court and at the time of removal. *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298. 301 (2d Cir. 1994).

This Court has the duty to review a plaintiff's complaint "at the earliest opportunity" to determine whether there is in fact subject matter jurisdiction. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997) (court may raise the issue

---

[2]"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

of subject matter jurisdiction *sua sponte* at any time); *Univ. of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").

Generally, where there is a lack of subject matter jurisdiction, dismissal is mandatory. *See Manway Constr. Co. v. Housing Authority of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory."); *see also Romanella v. Hayward*, 114 F.3d 15, 16 (2d Cir. 1997) (affirming dismissal of negligence action due to lack of subject matter jurisdiction). In a removed action, a district court must remand to state court for lack of subject matter jurisdiction. *See, e.g., Royal Ins. Co. v. Jones,* 76 F. Supp. 2d 202, 204 (D. Conn. 1999) ("court lacking subject matter jurisdiction over a removed action must remand that action to state court *sua sponte* or on motion"); *Wise v. Lincoln Logs, Ltd.*, 889 F.Supp. 549, 554 (D. Conn. 1995) (remanding case with non-diverse defendant to state court for lack of subject matter jurisdiction).

In the case at bar, Plaintiff's Complaint alleges no facts or circumstances that potentially give rise to a federal claim, arising under the Constitution or federal statute. It is thus incumbent upon this Court to determine *sua sponte* whether there exists diversity of citizenship between the parties.[3]

---

[3]The Court further notes that, for diversity of citizenship, Plaintiff must also have sustained damages in excess of $75,000. 28 U.S.C. § 1332(a)(1). In his Complaint, filed in Connecticut Superior Court, Plaintiff "demands an amount [in damages] greater than Fifteen Thousand and 00/100 dollars ($15,000)." Doc. #1-1, p. 6. Moreover, Target states in its Notice of Removal that "the amount in controversy potentially exceeds the sum or value of $75,000 based upon claims made by the plaintiff and his demand." Doc. #1, p. 3. Because this case remains in its early stages, the parties have not yet proceeded to discovery. Should it later become established that the amount in controversy is in fact less than the requisite jurisdictional amount of $75,000, remand of the case would be mandated at that time.

Target's statements in its Notice of Removal are insufficient to establish diversity of citizenship in this case. Granted, for diversity purposes, a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business, namely Minnesota in Target's case.[4] With respect to an individual's citizenship, however, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-103 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)). This is because an individual's citizenship for diversity purposes is determined by his or her domicile, not residence. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A person's domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.*; *accord Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998); 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984). While an individual may have several residences, he or she can have only one domicile. *Rosario v. INS*, 962 F.2d 220, 224 (2d Cir. 1992).

Because the Complaint does not sufficiently demonstrate the state of Plaintiff's citizenship at the time he filed his Complaint and at the time of removal, Plaintiff is hereby ordered to file and serve on or about July 14, 2010 an affidavit stating for both such times: (1) the state of his citizenship – i.e., the state in which he was domiciled and principally established or his "true fixed home;" and (2) the names, if any, of other states in which he maintained a residence. If there are additional states in which he maintained a residence, Plaintiff's affidavit must further provide:

---

[4]Under 28 U.S.C. § 1332(c)(1), for the purpose of diversity of citizenship, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

(a) the location of all residences he kept and (b) the approximate length of time he spent at each residence.

    It is SO ORDERED.

Dated: New Haven, Connecticut
       June 30, 2010

                                      /s/*Charles S. Haight, Jr.*
                                      Charles S. Haight, Jr.
                                      Senior United States District Judge