UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS DEMERS,<br><br>    Plaintiff,<br>v.<br><br>TARGET CORPORATION d/b/a TARGET STORES, INC.,<br><br>    Defendant. | 3:10-CV-999 (CSH) |

## ORDER ON MOTION TO COMPEL

Defendant Target Corporation moves this Court for an order compelling plaintiff Thomas Demers to respond to interrogatories and requests for production that were served on August 24, 2010. Defendant avers that "[d]espite the passage of thirty days, the plaintiff has not responded to the interrogatories and requests for production which are necessary in order to prepare the defense and evaluate the case for trial." Doc. #15, p. 1, para. 1; *see also* Doc. #15-1 (Affidavit of defendant's counsel Kevin J. Greene) at ¶ 3. As mandated by Local Rule of Civil Procedure 37(a),[1] defendant's counsel further represents that he has "contacted plaintiff's counsel in attempt to obtain the responses to the Interrogatories and Requests for Production that were due on

---

[1] Local R. Civ. P. 37(a), entitled "Discovery Disputes," provides:

(a) No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

September 24, 2010." Doc. #15-1 at ¶ 3.  Such attempts have proven fruitless.  *Id.*

Pursuant to Federal Rule of Civil Procedure 33, a party who has received interrogatories "relat[ing] to any matter that may be inquired into under Rule 26(b),"[2] has the duty to "serve its answers and any objections within 30 days after being served with the interrogatories."  Fed. R. Civ. P. 33 (a)(2), (b)(2).  Similarly, a party to whom a request for production of documents (also within the scope of Rule 26(b)) has been directed "must respond in writing within 30 days after being served."  Fed. R. Civ. P. 34(b)(2)(A) ("Time to Respond").  "For each item or category" of document requested, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  *Id.* 34(b)(2)(B).

More than four months have elapsed since the service of defendant's interrogatories and production requests upon plaintiff and yet plaintiff has provided no responses or objections.  Furthermore, plaintiff has failed to respond or object to defendant's present motion to compel (Doc. #15) by the prescribed deadline, December 24, 2010.  Plaintiff has thus failed to provide

---

[2]Federal Rule of Civil Procedure 26, captioned "Duty to Disclose; General Provisions Governing Discovery," defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(c).

Fed. R. Civ. P. 26(b)(1).

any reason why any particular interrogatory or production request should be disallowed by this Court.

Accordingly, defendant's Motion to Compel (Doc. #15) is GRANTED.  Pursuant to Local Rule of Civil Procedure 37(d), within fourteen (14) days of the filing of this Court's Order, plaintiff must respond or object to each interrogatory and production request served by defendant on August 24, 2010.  Plaintiff is advised that should he fail to comply with the Court's Order, the Court "may issue further just orders," including, *inter alia*, ordering sanctions, striking pleadings in whole or in part, staying further proceedings, or dismissing the action.[3]  *See* Fed. R. Civ. P. 37(b)(2).

It is SO ORDERED.

Dated: New Haven, Connecticut
       January 3, 2011

      /s/Charles S. Haight, Jr.
      Charles S. Haight, Jr.
      Senior United States District Judge

---

[3] Plaintiff should also be mindful that, but for defendant's explicit statement that "defendant does not seek sanctions or attorney's fees at this time" (Doc. #15, p. 1, para. 1), plaintiff would be required to pay defendant's "reasonable expenses incurred in making the motion" to compel unless plaintiff were able to show just cause for his failure to respond to the interrogatories and production requests.  Fed. R. Civ. P. 37 (a)(5)(A).